UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN F. ELLIS, | No. 2:23-cv-1962 WBS SCR P |
| Plaintiff, | |
| v. | ORDER |
| GABRIEL WILLIAMS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's first amended complaint for screening. For the reasons set forth below, this court finds plaintiff states some cognizable claims against defendants Williams and Petersen, but states no other cognizable claims for relief. Plaintiff will be given the choice of proceeding immediately on the claims found cognizable, and dismissing the other claims and defendants, or amending the complaint.

**SCREENING**

**I.      Legal Standards**

As described in the court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. §1983. 28 U.S.C. §1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted). A court shall dismiss a complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(b)(1).

## II. Discussion

### A. Plaintiff's Allegations in the First Amended Complaint (ECF No. 12)

Plaintiff is incarcerated at the California Health Care Facility ("CHCF"). He complains of conduct that occurred there in 2022 and 2023. Plaintiff identifies three defendants: (1) Gabriel Williams, M.D.; (2) Associate Warden/ADA Coordinator Kim Petersen; and (3) the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff states that he is no longer seeking relief against previously-named defendant Paez.

Plaintiff alleges the following: He is a "T-4 Spastic Paraplegia," which limits his major life activities. He requires a wheelchair capable of "having every conceivable angle and dimension change." In February 2022, he was using the custom, personal wheelchair he had been using since 2003. Because the wheelchair was not safe and did not provide proper support, plaintiff's primary care provider referred him to defendant Williams, a physiatrist, to be measured for a new wheelchair with an 18 inch width. (ECF No. 12 at 12.)

On April 27, 2022, when he had not been seen by defendant Williams, plaintiff submitted an Americans with Disabilities Act ("ADA") request form regarding the appointment. Defendant Petersen responded to the request but "failed to fully and properly address" it by providing plaintiff with a loaner wheelchair. (ECF No. 12 at 12.) Plaintiff also alleges Petersen does monthly inspections of wheelchairs and upon "inspecting and logging-in the Finding and

////

Recommendation means that Petersen was undoubtedly aware" of plaintiff's need for a new wheelchair. (Id. at 14.)

Plaintiff was seen by Williams on May 17, 2022. Williams gave plaintiff a form showing that the request for a new wheelchair had been approved. Plaintiff asked Williams for a loaner wheelchair similar to the custom chair he was then using. Despite knowing that plaintiff had experienced several falls due to his unsafe wheelchair, Williams failed to provide him with a loaner. (ECF No. 12 at 13.)

At an appointment in August 2022, Williams told plaintiff he was not qualified to take measurements for a wheelchair. He referred plaintiff for a medical consult with an outside orthopedist regarding the lumbar support plaintiff requires in a wheelchair. After seeing plaintiff, in September 2022 the orthopedist recommended plaintiff be provided a new, specialized wheelchair. (ECF No. 12 at 13-14.)

At an October 12, 2022 appointment with Williams, plaintiff learned that the prison had not ordered the new wheelchair. That same day, plaintiff submitted a healthcare grievance asking why the new wheelchair had not been ordered. In December 2022, plaintiff received a response telling him that there were vendor issues and that he would be seen by Williams when the new wheelchair came in. (ECF No. 12 at 14.)

On January 16, 2023, plaintiff was still using his old wheelchair and fell. A duty nurse emailed defendant Williams after the fall, but plaintiff received no response. Defendant Petersen also failed to respond to plaintiff's verbal requests for a loaner wheelchair during this time. (ECF No. 12 at 14-15.)

At a January 30, 2023 appointment with defendant Williams, Williams indicated his "dislike" that plaintiff had submitted a grievance about the wheelchair. Williams then attempted to "force" plaintiff to accept a standard wheelchair in retaliation for submitting the grievance. Williams did not provide plaintiff with a loaner wheelchair. (ECF No. 12 at 15.)

At a July 5, 2023 appointment with Williams, Williams told plaintiff he would see a Seating Therapist Specialist to be fitted for a new wheelchair. Again plaintiff requested, and was not given, a loaner wheelchair. Plaintiff submitted a reasonable accommodations form stating

3

1   that he was being denied prison services by not having a usable wheelchair.  The form was
2   addressed by "RAP" but plaintiff received no response.  Defendants Williams and Petersen are
3   members of RAP.  (ECF No. 12 at 16.)

4   Plaintiff received a loaner wheelchair on August 22, 2023.  However, it was heavier and
5   "caused plaintiff extreme pain and discomfort to his upper extremities."  (ECF No. 12 at 16.)

6   Plaintiff states that after the court issued its original screening order, Williams told
7   plaintiff that because plaintiff was suing him, he was going to terminate the order for a new
8   wheelchair.  (ECF No. 12 at 16-17.)  As of the date of filing his first amended complaint, plaintiff
9   had not received a new wheelchair.  (Id. at 19.)

10  Plaintiff states that CHCF has a history of failing to comply with the ADA by failing to
11  provide accessible wheelchairs, walkers, and other durable medical equipment in a timely
12  manner.  (ECF No. 12 at 17.)  Plaintiff then goes into some detail about investigations of CHCF
13  and the experiences of other inmates.  (Id. at 17-19.)

14  Plaintiff alleges that as a result of defendants' actions, he has suffered severe physical
15  pain, mental and emotional suffering, exacerbation of his PTSD, and sleeplessness.  (ECF No. 12
16  at 19, 27 .)

### B. Plaintiff States Some Cognizable Claims for Relief

#### 1. Defendant Williams

19  On screening plaintiff's original complaint, this court found plaintiff stated a cognizable
20  Eighth Amendment deliberate indifference claim and a cognizable state law negligence claim
21  against defendant Williams.[1]  (ECF No. 7 at 7, 11.)  Plaintiff has again stated sufficient Eighth
22  Amendment and negligence claims against defendant Williams.  In addition, plaintiff has
23  adequately alleged that Williams took adverse action against plaintiff in retaliation for plaintiff
24  filing a grievance and this lawsuit against Williams.  This court further finds plaintiff has alleged
25  an arguably sufficient claim that Williams intentionally inflicted emotional distress, particularly
26  ////

---

[1] In the first screening order, this court set out the legal standards for each claim plaintiff attempts to raise.  (ECF No. 7 at 6-12.)  Those standards will not be repeated here.

4

when he told plaintiff he would cancel the wheelchair order because plaintiff had filed this lawsuit.

In the original screening order, this court found plaintiff failed to state claims under the ADA or the Rehabilitation Act ("RA") because plaintiff made only conclusory allegations regarding his inability to access prison services as a result of the lack of a usable wheelchair.  In addition, this court found plaintiff failed to allege facts showing that programs at CHCF are federally funded, as required for a claim under the RA.  Plaintiff has now minimally met that second requirement by alleging CDCR receives federal funding "sufficient to invoke the coverage" of the RA.  (ECF No. 12 at 24.)  Plaintiff has also provided more information about his inability to access services.  Plaintiff states that he had to lay in bed due to the pain he experienced in trying to operate his wheelchair.  As a result, plaintiff was unable to attend educational and group activities.  (Id. at 32.)  This court finds these allegations minimally sufficient to allege ADA and RA claims against defendant Williams in his official capacity.

Finally, plaintiff states that he is bringing claims under California's Tom Bane Civil Rights Act, California Civil Code §52.1, and the California Disabled Persons Act ("DPA"), California Civil Code §54, et seq. (ECF No. 12 at 31-35.)  "The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right."  Hughes v. Rodriguez, 31 F.4th 1211, 1224 (9th Cir. 2022) (citing Reese v. County of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018)).  For screening purposes, this court finds plaintiff has minimally alleged that defendant Williams violated his rights under the Bane Act.  Because a DPA claim may be premised on an ADA violation, plaintiff also states a claim under the DPA.  See Cal. Civ. Code § 54 ("A violation of the right of an individual under the Americans with Disabilities Act of 1990 . . . also constitutes a violation of this section."); Roe v. City & Cnty. of San Francisco, No. 24-CV-01562-JST, 2024 WL 4505475, at *5 (N.D. Cal. Oct. 15, 2024).

### 2.  Defendant Petersen

Plaintiff has also sufficiently alleged an Eighth Amendment claim against defendant Petersen.  Plaintiff shows that Petersen was aware of plaintiff's need for a new wheelchair but

1  failed to provide plaintiff with either a loaner wheelchair in a timely manner or a replacement
2  wheelchair over an extended period of time.  These allegations are also sufficient to state a claim
3  that Petersen was deliberately indifferent.  For the reasons stated above with respect to defendant
4  Williams, plaintiff has also stated claims against Petersen under the ADA, RA, Bane Act, and
5  DPA.

6  However, plaintiff's allegations again are insufficient to state a claim that Petersen
7  intentionally inflicted emotional distress.  Plaintiff does not show Petersen acted outrageously or
8  that she recklessly disregarded the probability that her actions could cause plaintiff severe
9  emotional suffering.  See Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (setting out
10 elements of a state law claim of intentional infliction of emotional distress).

### 3.  Defendant CDCR

Plaintiff added CDCR as a defendant to this action.  Institutional defendants, like CDCR, are generally not proper defendants in a civil rights damages action because they are not "persons" within the meaning of §1983 and are generally immune from suit under the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978).  However, in a civil rights action for prospective injunctive relief, the Secretary of CDCR, named in his official capacity, may be an appropriate defendant.  See,e.g., Lacano Investments, LLC v. Balash, 765 F.3d 1068, 1072 (9th Cir. 2014) (citing Ex parte Young, 209 U.S. 123 (1908)).  Because plaintiff does not seek injunctive relief, CDCR is not an appropriate defendant.

### CONCLUSION

This court finds above that plaintiff states potentially cognizable claims against defendant Williams for deliberate indifference to his serious medical needs under the Eighth Amendment, for retaliation in violation of the First Amendment, for negligence, for intentional infliction of emotional distress, and for violations of the ADA, RA, Bane Act, and DPA.  This court further finds plaintiff states potentially cognizable claims against defendant Petersen under the Eighth Amendment, for negligence, and for violations of the ADA, RA, Bane Act, and DPA.  However, plaintiff fails to state any other cognizable claims for relief.  Plaintiff will again be given the choice of proceeding immediately on his claims found potentially cognizable or filing a second

amended complaint.  If plaintiff chooses to proceed immediately on the claims found potentially cognizable, he will dismiss all other claims and defendants.

If plaintiff chooses to file a second amended complaint, plaintiff must address the problems with his first amended complaint that are explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his legal rights.  The court is not required to review exhibits to determine what plaintiff's allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Starr, 652 F.3d at 1207-08 (a person deprives another of a constitutional right if that person was personally involved in the deprivation, set in motion acts by others that resulted in the deprivation, or refused to terminate acts by others that resulted in the deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The Federal Rules of Civil Procedure contemplate brevity.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  However, "a

7

complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 570).  A claim is plausible when the plaintiff includes facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff has stated potentially cognizable claims against defendants Williams and Petersen for deliberate indifference to his serious medical needs in violation of the Eighth Amendment, negligence, and violations of the ADA, RA, Banes Act, and DPA.  In addition, plaintiff has stated potentially cognizable claims for retaliation in violation of the First Amendment and intentional infliction of emotional distress against defendant Williams.

2. Plaintiff's other claims are dismissed with leave to amend.

3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to file a second amended complaint.  If plaintiff chooses to proceed on his cognizable claims in the first amended complaint, he shall voluntarily dismiss all other claims and defendants.

4. Within fourteen days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

////
////
////
////
////

5.  Plaintiff is warned that his failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: December 11, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN F. ELLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>GABRIEL WILLIAMS, et al.,<br><br>    Defendants. | No. 2:23-cv-1962 WBS SCR P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment, negligence, ADA, RA, Banes Act, and DPA claims against defendants Williams and Peterson and on his First Amendment claim and claim for intentional infliction of emotional distress against defendant Williams. Plaintiff understands that by going forward without amending the first amended complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_ Plaintiff wants to file a second amended complaint.

DATED:_____

_____
Benjamin F. Ellis, Plaintiff

1