UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN F. ELLIS, | No. 2:23-cv-01962 WBS SCR P |
| Plaintiff, | |
| v. | ORDER |
| GABRIEL WILLIAMS, et al., | |
| Defendants. | |

    Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983. Pending before the undersigned is plaintiff's request for issuance of subpoenas duces tecum on nonparty California Health Care Facility ("CHCF") pursuant to Federal Rule of Civil Procedure 45. (ECF No. 39.) The request describes documents sought from five departments within CHCF across 2022 and 2023 relating to plaintiff's need for a specialized lightweight wheelchair. (Id. at 1-3.) Plaintiff explains that the subpoenas are necessary because he tried to obtain the documents from defendants through a request for production "to no avail." (Id. at 1.)

    Among other requirements, the decisions of this District require that a motion for issuance of a subpoena duces tecum be supported by: (1) clear identification of the documents sought and from whom; and (2) a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560 at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, No. 1:05-cv-0124 AWI SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 13, 2010). As to

the latter requirement, it is not clear to the undersigned why plaintiff cannot obtain the documents from defendants through discovery.  As both defendants are CHCF officials sued in their official and individual capacities (see ECF No. 13 at 5-6), any documents in CHCF's "possession, custody, or control" would appear to be equally accessible to them.  See Fed. R. Civ. P. 34(a)(1).

Accordingly, before ruling on plaintiff's request, the undersigned orders defendants to file a response and explain why the information sought in plaintiff's request was not produced in discovery.  In addition, because resolution of plaintiff's request will likely not come until after the discovery cutoff date of November 17, 2025, the undersigned sua sponte extends the discovery and dispositive motion deadlines as set forth below.  See Integra Lifesciences I, Ltd. v Merck KGaA, 190 F.R.D. 556, 561 (S.D. Cal. 1999) ("Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case." (citing Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 177 F.R.D. 443, 45 (D. Minn. 1997))).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days, defendants shall file a response to plaintiff's request for issuance of subpoenas (ECF No. 39) that addresses why the information plaintiff seeks in his request has not been produced in discovery.

2. The court modifies the discovery and scheduling order ("DSO") (ECF No. 28) as follows: `

   a. The parties may conduct discovery until **February 16, 2026**.  Any motions necessary to compel discovery shall be filed by that date.

   b. All pretrial motions, except motions to compel discovery, shall be filed on or before **May 18, 2026.**

   c. All other provisions of the DSO remain in effect.

DATED: October 30, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2