UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN F. ELLIS, | No. 2:23-cv-01962 WBS SCR P |
| Plaintiff, | |
| v. | ORDER |
| GABRIEL WILLIAMS, et al., | |
| Defendants. | |

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983. Plaintiff has requested the issuance of subpoenas duces tecum to various departments within the California Health Care Facility ("CHCF"). For the reasons set forth below, plaintiff's request is granted. Plaintiff is advised to review this order and comply with the instructions below regarding completing and returning the subpoena forms.

**PROCEDURAL BACKGROUND**

Plaintiff, an individual with T-4 Spastic Paraplegia and a full-time wheelchair user, sues defendant Peterson, a former Associate Warden, and G. Williams, a prison doctor, for allegedly refusing to provide a safe wheelchair. (ECF No. 12.) On December 11, 2024, the undersigned screened the operative first amended complaint ("FAC") and determined it stated cognizable Eighth Amendment, disability discrimination, and supplemental state claims against Peterson, as well as cognizable First Amendment retaliation and supplemental state claims against defendant

1

Williams. (ECF No. 13.) Defendants answered the FAC. (ECF No. 26.) The undersigned subsequently issued a discovery and scheduling order ("DSO") and set a discovery cutoff of November 17, 2025, and a dispositive motion deadline of February 17, 2026. (ECF No. 28.)

**PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENAS DUCES TECUM**

**I.     The Parties' Filings**

   **A.  Plaintiff's Request**

On October 16, 2025, plaintiff filed a request for subpoenas duces tecum pursuant to Federal Rule of Civil Procedure 45. (ECF No. 39.) Plaintiff explains that he seeks production of documents from nonparty CHCF and that he has sought the records from defendants in discovery "to no avail." (Id. at 1.) The request summarizes documents sought from five specific departments within CHCF across 2022 and 2023:

1. Accounts Payable Department: Requesting documents related to invoices received and payments made to third parties and vendors, concerning the Specialty Lightweight Wheelchair ordered for [plaintiff] between 2022, 2023.

2. Administrative and Purchasing Personnel Department: Requesting documents related to the issuing a purchase order to a vendor to acquire the Specialty Lightweight Wheelchair for [plaintiff], between 2022, 2023.

3. Medical and Therapeutic Staff Department: Requesting documents related to the Medical and Therapeutic Staff that determined [plaintiff's] need for a Specialty Lightweight Wheelchair, a detaieled [sic] prescription for the specialized or custom model, between 2022, 2023.

4. Therapists Department: Request documents related to the expert therapist that evaluated [plaintiff] for the Specialized Lightweight (custom) Wheelchair and help justify the need for specific features and complete sections of the Certificate of Medical Necessity, between 2022, 2023.

5. Chief Executive Officer or Warden:

   - Monthly Safety and Security Inspection Checklist of [plaintiff's] personal wheelchair, between 2022, 2023.

   - Monthly Logging-in Finding and Recommendations of [plaintiff's] personal wheelchair, between 2022, 2023.

   - Monthly Safety and Security Repair Log of [plaintiff's] personal wheelchair, between 2022, 2023.

   - Any and all Wheelchair Repair Evaluation Forms of [plaintiff's] personal wheelchair, between 2022, 2023.

(Id. at 1-3.) Plaintiff asks the court to grant his request and provide the number of subpoenas

2

required to serve the CHCF Departments.  (Id. at 4.)

### B. Defendants' Response

After reviewing plaintiff's request, the undersigned ordered defendants to respond and explain why the documents plaintiff seeks were not produced in discovery.[1]  (ECF No. 40.)  As both defendants are CHCF officials sued in their official and individual capacities (see ECF No. 13 at 5-6), it was not clear why plaintiff would have to subpoena CHCF for the information.

In their response, defendants address each of the requests above and confirm the described documents are either not in their possession (Nos. 1, 2) or that they have already produced all documents in their possession related to plaintiff's need for a new wheelchair (Request Nos. 3-5). (ECF No. 41.)  As for documents related to wheelchair payment and repair, defendants note they lack access or control because defendant Peterson, the former CHCF ADA Coordinator, is now retired, and defendant Williams is a surgeon and not involved in those processes.  (Id. at 2-4.)

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 45(a)(2), a subpoena duces tecum may direct a non-party to produce documents or other tangible objects for inspection and copying.  A subpoena must be personally served or it is null and void.  See Fed. R. Civ. P. 45(b); Prescott v. Cnty. of Stanislaus, No. 1:10-cv-0592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012) (explaining that "[a] majority of courts" interpret Rule 45(b)(1) to require personal service and collecting cases).  The undersigned has granted plaintiff permission to proceed in forma pauperis by order filed September 17, 2024.  (ECF No. 7.)  Therefore, plaintiff is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal.  28 U.S.C. § 1915(d).

Before requiring the U.S. Marshal to personally serve a plaintiff's proposed subpoena duces tecum, the undersigned must consider the following.  First, the scope of the subpoena is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

---

[1] By the same order, the undersigned extended the discovery cut-off to February 16, 2026, and the dispositive motion deadline to May 18, 2026.

3

defense"), and the considerations of burden and expense set forth in Rule 26(b)(2) and 45(c)(1). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery") (citation omitted); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605.

In addition, the judges of this district require that a motion for issuance of a subpoena duces tecum be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See e.g. Davis v. Ramen, 2010 WL 1948560 at *1 (E.D. Cal. 2010); Williams v. Adams, No. 1:05-cv-0124 AWI SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 13, 2010).

### III.   Analysis

Applying the above standards to plaintiff's request and the allegations in the FAC, the undersigned finds that plaintiff has clearly identified the documents sought and established their relevance to his claims. Moreover, defendants' response confirms that the documents are not in their possession or control and are uniquely available through current CHCF officials.

Accordingly, the court will direct the Clerk of Court to issue plaintiff five blank subpoena duces tecum form, signed but otherwise blank, pursuant to Fed. R. Civ. P. 45. Plaintiff must complete the subpoena and return it to the court to obtain personal service by the United States Marshal. In completing the subpoena, plaintiff must clearly identify the specific documents and things that he seeks and identify a specific person at CHCF upon whom the subpoena should be served. See Fed. R. Civ. P. 45(a)(1)(A)(iii) (every subpoena must identify the person to whom it is directed). Plaintiff is further advised that even though he is proceeding in forma pauperis, should the court order service of his subpoena, he may be required to pay any costs associated with complying with the subpoena to avoid imposing an undue burden upon a non-party.

/////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for issuance of subpoenas duces tecum (ECF No. 39) is GRANTED.

2. The Clerk is directed to send plaintiff, together with a copy of this order, five (5) subpoena duces tecum forms, signed but otherwise blank, pursuant to Fed. R. Civ. P. 45.

3. Within thirty (30) days of this order, plaintiff shall complete the subpoena forms and the attached Notice of Submission of Document form, and mail them both to the court.

4. If the subpoenas are properly completed, the court will direct their service by the United States Marshal.

5. Should plaintiff fail to timely return the subpoena duces tecum forms, or complete them in a manner inconsistent with that authorized by the court herein, no further action will be taken by the court on plaintiff's request for issuance of subpoenas duces tecum.

DATED: November 24. 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN F. ELLIS, | No. 2:23-cv-01962 WBS SCR P |
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| GABRIEL WILLIAMS, et al., | |
| Defendants. | |

  Plaintiff submits the following documents in compliance with the court's order filed :

_____  Completed subpoena duces tecum forms (proposed)

DATED:

                    Benjamin F. Ellis, Plaintiff

1