UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN F. ELLIS,

      Plaintiff,

    v.

GABRIEL WILLIAMS, et al.,

      Defendants.

No.  2:23-cv-1962 WBS SCR P

ORDER

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with an action brought under 42 U.S.C. § 1983.  Plaintiff has filed a motion for appointment of counsel.  ECF No. 50.  Petitioner claims the appointment of counsel is warranted based on the factual and legal complexities of the case, his indigency and limited legal education and ability to investigate, the likelihood of conflicting testimony, and the merits of the case.  Id. at 6-8.

**I.  Legal Standard**

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and

1

the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act). Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

## II.   Discussion

Having considered plaintiff's arguments, the undersigned finds that the appointment of counsel is not warranted at this time. Plaintiff's concerns regarding his indigency and limited legal education and investigative resources are barriers common to all incarcerated litigants and do not constitute exceptional circumstances. While plaintiff has stated colorable claims, he has also demonstrated an ability to articulate his claims pro se throughout these proceedings – not only through his operative complaint but in his July 18, 2025, ex parte motion for temporary restraining order ("TRO"), ECF No. 29, challenging his alleged transfer to an inaccessible cell.[1]

Nor is the undersigned convinced that this case presents the type of medical complexity warranting voluntary appointment of counsel. The operative complaint raises Eighth Amendment

---

[1] The unsigned recommended that the TRO motion be granted, ECF No. 35, but later vacated that recommendation after defendants provided notice that petitioner was returned to a wheelchair-accessible DPW cell. ECF No. 37.

medical indifference and disability discrimination claims regarding defendants' alleged failure to provide plaintiff with a safe and medically appropriate wheelchair.  ECF No. 12.  By contrast, the main case that plaintiff cites for support involved systemic, complex medical issues that the court determined required vast expert and investigative resources.  See Moore v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992) (finding, in putative pro se class action, that the "complex subject of HIV–AIDS management in a prison environment is beyond the ability of a mere prisoner to investigate adequately").  The other cases plaintiff cites on this point were at much different procedural postures than the present case, which is still about two months out from the dispositive motion deadline.  See Tucker v. Randall, 948 F.2d 388, 391–92 (7th Cir. 1991) (directing lower court to appoint counsel after reversing motion to dismiss); Jackson v. Cnty. of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992) (finding district court erred in not appointing counsel at trial).

Accordingly, plaintiff's motion to appoint counsel is denied.  The denial is without prejudice, which means that plaintiff may refile at a later stage of the case should exceptional circumstances arise.

<strong>CONCLUSION</strong>

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 50) is denied without prejudice.

DATED: April 7, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE